# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

### CIVIL NO. 2:07CV7
### (2:02CR104-6)

| | |
|---|---|
| LARRY FRANKLIN PHILLIPS, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>_____)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER OF DISMISSAL** |

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 along with several attendant motions to suppress. No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the

2

movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

On December 2, 2002, the Petitioner and six co-defendants were charged in a single count indictment with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846; the indictment was superseded on February 3, 2003. **Bill of Indictment, filed December 2, 2002; Superseding Bill of Indictment, filed February 3, 2003.** After a jury trial, the Petitioner was found guilty of the charge contained in the indictment. **Verdict Sheet, filed April 24, 2003.** The jury also specifically found that the conspiracy involved at least 1.5 kilograms of a mixture or substance containing a detectable amount of methamphetamine and that the Petitioner knew or could reasonably have foreseen the conspiracy's involvement with that amount of methamphetamine. *Id.* On January 29, 2004, the undersigned sentenced the Petitioner to a term of life imprisonment. **Judgment in a Criminal Case, filed February 9, 2004.** The Petitioner filed a timely notice of appeal and the Fourth Circuit Court of Appeals affirmed the Petitioner's

3

conviction and sentence on March 29, 2005; the Supreme Court denied the Petitioner's petition for a *writ of certiorari* on October 3, 2005. ***United States v. Phillips*, 127 F. App'x 641 (4th Cir.), *cert. denied*, 126 S. Ct. 189 (2005).** Therefore, the Petitioner's conviction became final on October 3, 2005. Petitioner signed his § 2255 motion "4/20/07," although the petition was received and filed by the Clerk on March 27, 2007.

> Prior to the Antiterrorism and Effective Death Penalty Act (AEDPA), a prisoner possessed virtually unlimited amounts of time to file a first petition for collateral review under 28 U.S.C. §§ 2254 and 2255. In an attempt to curb the protracted nature of such litigation, Congress established a one-year period of limitations. . . . In relevant part, the AEDPA amended § 2255 by adding the following language:
>
>> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>> (1) the date on which the judgment of conviction becomes final; . . . .
>
> We are left with the question of when a judgment is to be considered final. The Supreme Court has addressed the question of finality in the context of retroactivity. The Court defined a conviction as being final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."

***Gendron v. United States*, 154 F.3d 672, 673-74 (7th Cir. 1998) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)).** Therefore, the

4

Petitioner must have filed this motion on or before October 3, 2006. The Court concludes that the Petitioner's motion was filed over five months after his conviction became final, and therefore, is untimely filed. *Id.*

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Petitioner's motions to suppress are **DENIED** as moot.

Signed: April 2, 2007

Lacy H. Thornburg
United States District Judge