# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL NO. 2:02CR104

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | O R D E R |
| ) | |
| LARRY FRANKLIN PHILLIPS ) | |

**THIS MATTER** is before the Court on the Defendant's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). The motion is denied.

On December 2, 2002, the Defendant and six co-defendants were charged in a single count indictment with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846; the indictment was superseded on February 3, 2003. **Bill of Indictment, filed December 2, 2002; Superseding Bill of Indictment, filed February 3, 2003.** After a jury trial, Defendant was found guilty of the charge contained in the indictment. **Verdict Sheet, filed April 24, 2003.** The jury also specifically found that the conspiracy involved at least 1.5 kilograms of

a mixture or substance containing a detectable amount of methamphetamine and that the Defendant knew or could reasonably have foreseen the conspiracy's involvement with that amount of methamphetamine. *Id*. On January 29, 2004, the undersigned sentenced the Defendant to a term of life imprisonment. **Judgment in a Criminal Case, filed February 9, 2004.** The Defendant filed a timely notice of appeal and the Fourth Circuit Court of Appeals affirmed his conviction and sentence on March 29, 2005; the Supreme Court denied his petition for a *writ of certiorari* on October 3, 2005. **United States v. Phillips, 127 F. App'x 641 (4th Cir.),** *cert. denied*, **126 S. Ct. 189 (2005).** Defendant filed a post-conviction proceeding pursuant to 28 U.S.C. § 2255 on March 28, 2007. Because his conviction became final on October 3, 2005, the Court dismissed the § 2255 motion as untimely. **See Order of Dismissal, filed April 3, 2007.** He timely filed appeal of the dismissal; the Fourth Circuit affirmed this Court's decision, finding that Phillips had failed to make the requisite showing "that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." **United States v.**

***Phillips*, 234 F. App'x 159 (4th Cir. 2007), *cert. denied*, 128 S. Ct. 1103 (2008).**

Approximately three months after his petition for a writ of *certiorari* was denied, Defendant filed the instant motion pursuant to 18 U.S.C. § 3582(c)(2) which provides, in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that-
> . . .
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**18 U.S.C. § 3582(c)(2).** In this motion, Defendant incorporates many of the same arguments raised and rejected on appeal. ***Phillips*, 127 F. App'x at 643.** He also argues that his criminal history was incorrectly calculated and the enhancements were also applied incorrectly. However, the Circuit specifically found that his sentence "was determined based upon straightforward application of the terms of a statute to the facts . . . not . . . under the sentencing guidelines." ***Id*. at 644.** Therefore,

Defendant's arguments that § 3582(c)(2) applies to his sentence are without merit.[1]

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for modification of sentence is hereby **DENIED.**

Signed: August 17, 2009

Lacy H. Thornburg
United States District Judge

---

[1] If this motion, in reality, is Defendant's attempt to pursue relief under § 2255, the undersigned has no jurisdiction to entertain it unless it has been certified "by a panel of the appropriate court of appeals[.]" **28 U.S.C. § 2255.** Thus, if this motion is actually a successive petition, it must be presented in the first instance to the Fourth Circuit. ***United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.").**